SOUTHERN UNITED ICE CO. v. FOWLER.

(Division B. March 13, 1939. Suggestion of Error Overruled April 24, 1939.)

[187 So. 218. No. 33615.]

**Powell, Harper & Jiggitts,** of Jackson, for appellant.

**O. B. Triplett, Jr.,** of Forest, for appellant.

Frank F. Mize and Percy M. Lee, both of Forest, and Barnett, Jones & Barnett, of Jackson, for appellee.

Argued orally by **O. B. Triplett, Jr.,** and **A. Y. Harper,** for appellant, and by **Ross R. Barnett** and **Percy Lee,** for appellee.

**McGehee, J.,** delivered the opinion of the court.

This appeal is from a judgment rendered in favor of the appellee in the circuit court of Scott county for damages on account of personal injuries sustained in an accident which occurred in the city of Jackson when she fell or was thrown from an ice truck of the appellant on which she was riding as a trespasser. The suit was brought against both the appellant and the Yazoo & Mississippi Valley Railroad Company on the ground that the railroad crossing at which the accident is alleged to have occurred was not in a reasonably safe condition for travel thereover, and it was alleged that when a heavy truck was being driven at an ordinary rate of speed over the crossing the body of the truck would bounce up and cause anyone to be thrown therefrom. The jurisdiction of the court and venue of the suit was sought to be sustained in Scott county where the railroad company maintained a line of railroad. At the trial certain proof offered by the appellee, and which consisted of photographs and a plat or drawing of the railroad crossing, showed affirmatively that the crossing was in a reasonably safe condition for use in traveling at a reasonable and ordinary rate of speed. A peremptory instruction was therefore granted in favor of the railroad company without objection on the part of appellee. Thereupon, motion was made by the appellant, Southern United Ice Company, to transfer the venue of the suit to Hinds county where the litigants and all of the witnesses reside. This motion was overruled and the cause proceeded to the final judgment against the appellant ice company, here appealed from.

Appellant assigns three principal grounds of error: (1) the action of the court below in sustaining the juris-

diction and venue of the suit in Scott county; (2) the refusal of the requested peremptory instruction on behalf of appellant; and (3) that if mistaken in either of the first two grounds assigned, then the appellant should have been granted a new trial for the reason that the verdict was contrary to the overwhelming weight of the creditable evidence. Since we are of the opinion that the peremptory instruction should have been granted, it is unnecessary that we express any opinion on the other questions presented.

The appellee, an eleven year old girl, got on the ice truck in question at residence No. 317 on South West Street in the city of Jackson, and rode on the back step thereof to residence No. 333 on said street, a distance of more than one block, when she got off the truck and stood on the curb or sidewalk in front of the house as the truck driver went to deliver the last piece of ice that he had in the truck, prior to his return to the ice plant to get another load. She claims that before he left the last residence, No. 333, she got up into the empty body of the truck and sat on the floor, that the truck driver passed around the back end of the truck and saw her there before he got into his cab and drove away. The distance from this residence to the railroad crossing was only 462 feet, and while the appellee estimated that the truck went over the crossing at about 25 miles per hour, not in excess of the city speed limit, there were expert mechanics who testified that, on account of a certain mechanical device referred to as a governor and shown to have been used on this truck to limit and reduce the intake of gas, it was impossible for such rate of speed to have been attained in that short distance. The effect of their testimony, and which is in accord with common knowledge and experience, is that the truck could not have attained a reckless and dangerous rate of speed within the distance it had traveled after leaving residence 333 until it arrived at the crossing. Moreover, it was shown without conflict that the truck driver did

not learn of the accident until at least one or two days after its occurrence. If he had known the child was in the truck when he left this last mentioned residence to return to the ice plant, it is reasonable to suppose that he would have missed her upon his arrival at the plant, and would have ascertained what became of her in the meantime, if in fact he had made the trip at a reckless and dangerous rate of speed as contended for by the appellee. She admits that the truck driver did not know of the accident until the day afterwards. She testified that she had ridden on the truck once or twice before, but that it would then have ice on it and that after it stopped at one or two houses she would then get off and go home. The truck driver had no authority from appellant to permit anyone to ride on the truck and had been forbidden to do so. Appellee had never been up in the truck before, nor had she ridden on the back steps thereof except from one house to another along the street while he was stopping to deliver ice on former occasions. On the occasion of the accident she intended to ride the truck as far as South Street, but she says that she saw that he was going by the Nickle's Store located at the crossing and that "he would be down to main street by no time as fast as he was going, so I was getting out and as I was getting up he just jarred me out;" that she was not trying to get out but that she raised up by pushing up on one hand and having the other hand on the side of the truck. It was while in this position, after having been seated on the floor of the truck up to that time, that she fell or was thrown out, according to her testimony; and no one else saw the accident. The truck driver denied any knowledge of the fact that she was either in the truck or on the step when he left residence No 333 to return to the ice plant, and the only other witness, introduced to support appellee's contention in that regard, gave testimony both inconsistent and self-contradictory as she alternately affirmed and denied that the truck driver did know, or could have known, of the child's

presence thereon. But, assuming for the purpose of this decision that the truck driver knew that she was in the truck, seated on the floor, and that she intended to ride it beyond the railroad crossing, and also that he intended to carry her to the plant of his employer who had instructed him not to allow children or anyone else to ride thereon, we do not think that there is sufficient substantial evidence in the record to have justified the submission of the case to the jury on the issue as to whether he wilfully and wantonly injured her through gross negligence. Mere negligence in driving the truck over this crossing, which was shown by the plaintiff's evidence to have an upgrade slope of only 5 feet in 90 feet on one side and of 5 feet in 50 feet on the other, and to have been in a reasonably safe condition for travel, as shown by the actual photographs introduced by the plaintiff, even if it be assumed that the truck was being driven at the rate of speed estimated by appellee herself, would not render the appellant liable. The only duty owed to the appellee, a trespasser, was not to wilfully or wantonly injure her, and we are of the opinion that the evidence falls far short of showing that degree of negligence that would evince a reckless disregard of her safety such as would constitute wilfulness or wantonness.

Reversed and judgment here for the appellant.